NOT DESIGNATED FOR PUBLICATION

# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## JAC 14-517

## STATE IN THE INTEREST OF

## D.A., Dy.G., De.G., D.D., AND Z.K.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 201439, DIVISION E
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**REVERSED AS TO D.A., Dy.G., De.G., AND D.D.**

**Michael Harson**
**District Attorney**
**Fifteenth Judicial District Court**
**Sharon Michelle M. Breaux**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Tracey Davenport-McGraw**
**OCS - Indigent Defender**
**P. O. Box 931**
**Rayne, LA 70578**
**(337) 334-1576**
**COUNSEL FOR APPELLEE:**
      **T. B.(father of De. G)**

**Paula Murphy**
**Acadiana Legal Services**
**1020 Surrey Street**
**Lafayette, LA 70501**
**(337) 237-4320**
**COUNSEL FOR APPELLEES:**
      **D. A. (child)**
      **Dy. G. (child)**
      **De. G. (child)**
      **D. D. (child)**
      **Z. K. (child)**

**Jane Hogan**
**Public Defenders Office**
**600 Jefferson Street, Ste 902**
**Lafayette, LA 70501**
**(337) 232-9345**
**COUNSEL FOR APPELLANT:**
      **L. G. (mother)**

**LaShonda G. Derouen**
**Attorney at Law**
**425 W. Vermilion Street**
**Lafayette, LA 70501**
**(337) 237-4300**
**COUNSEL FOR APPELLEE:**
      **T. B.(father of De. G)**

**Casa Coordinator**
**c/o Casa of Acadiana**
**1819 W. Pinhook Rd., #103**
**Lafayette, LA 70508**
**COUNSEL FOR APPELLEE:**
    **Casa of Acadiana**

**Katrina Cetnar**
**CWSII, Brandywine II**
**825 Kaliste Saloom Road, #104**
**Lafayette, LA 70508**
**(337) 262-1555**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana Department of Social Services**

**EZELL, Judge.**

L.G. appeals the decision of the trial court below finding her five children, D.A., Dy.G., De.G., D.D., and Z.K., to be children in need of care. For the following reasons, we hereby reverse the decision of the trial court.

On February 25, 2012, L.G. gave birth to her second-youngest child, D.D. Around the same time, the Department of Child and Family Services (DCFS) received a report that D.D.'s meconium tested positive for marijuana. D.D. was also born with syphilis. At this time, DCFS opened a Family Services case on L.G. but did not remove her children. As part of her Family Services Plan, L.G. was to undergo substance abuse treatment, which she failed to do. Although it is undisputed that L.G. did not comply with her Family Services plan, DCFS never removed her children and eventually closed L.G.'s 2012 Family Services case plan, noting that while L.G. was non-compliant, there was no imminent risk to her children's safety. Moreover, that plan was not court ordered. After closing the case, DCFS did not have any contact with L.G. until the instant matter.

Roughly two years later, L.G. gave birth to her youngest child, Z.K. That child also was born with a positive test for marijuana in her meconium and syphilis. DCFS sought an instanter order of removal for not just Z.K., but also for L.G.'s four older children, which was granted by the trial court. The children were ordered into the custody of the State.

On March 25, 2014, an adjudication hearing and disposition was held for D.A., Dy.G., De.G., and D.D. The father of Z.K. was not present, and so the matter as to this child was continued until April 15, 2014, to allow for the appointment of a curator. On March 25, the trial court found the four oldest

children to be children in need of care and ordered them to remain in State custody. From that decision, L.G. appeals.

L.G. asserts two assignments of error on appeal. She claims that the trial court erred in issuing the instanter order removing the children from her care, because no exceptional circumstances existed at the time of its issue to warrant the removal of the children. She also claims that the trial court erred in adjudicating the four oldest children in need of care when the State did not allege or prove neglect by a preponderance of the evidence at trial. We agree with L.G.'s second assignment of error.

We first address L.G.'s argument that the trial court erred in issuing the instanter order. Louisiana Children's Code Article 332 states, in pertinent part:

> A. Except as otherwise provided within a particular Title of this Code, appeals shall be taken within fifteen days from the mailing of notice of the judgment. However, if a timely application for a new trial is made pursuant to Paragraph C, the delay for appeal commences to run from the date of the mailing of notice of denial of the new trial motion.

> B. Notice of judgment, including notice of orders or judgments taken under advisement, shall be as provided in Code of Civil Procedure Article 1913.

The instanter order was issued on January 17, 2014. L.G. does not dispute service of the order, which was ordered the same date. Thus, the appeal delay would have expired on February 2, 2014. No such appeal was taken during that time frame. She did not seek supervisory writs, and the record contains no indication of any such objection at the continuing custody hearing on January 27, following the issuance of the order. Thus, L.G.'s appeal with respect to the instanter order is untimely, and we dismiss the appeal insofar is it raises issues

2

related thereto. Accordingly, we will not consider L.G.'s first assignment of error. *See State ex rel. J.Y.M.,* 09-1335 (La. App. 3 Cir. 8/4/10), 45 So.3d 1128.

L.G.'s second assignment of error asserts that the trial court erred in adjudicating the four oldest children in need of care. We agree. The petition alleging a child is in need of care shall set forth "[f]acts which show that the child is a child in need of care, including the acts or omissions of either parent, which caused or contributed to the child's condition." La.Ch.Code art. 634(A)(3). Once a petition is filed alleging that the child is in need of care, the State bears the burden of proving the allegations of the petition by a preponderance of evidence. La.Ch.Code art. 665 and *State in the Interest of A.R.,* 99-813 (La.App. 1 Cir. 9/24/99), 754 So.2d 1073. Louisiana Children's Code Article 606 enumerates the grounds upon which a child is found to be in need of care. Article 606 provides that "[a]llegations that a child is in need of care must assert one or more of the following grounds . . . . (2) The child is a victim of neglect."

It is well settled that an appellate court cannot set aside a juvenile court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. *State in the Interest of S.M.W., C.D.W., C.N.W., and E.S.W.,* 00-3277 (La. 2/21/01), 781 So.2d 1223. In its manifest error review, it is important that the appellate court not substitute its opinion when it is the juvenile court who is in the unique position to see and hear the witnesses as they testify. *Id.*

We have reviewed the record in this case and find that it contains no evidence whatsoever that the four oldest children suffered any neglect. In fact, the witness testifying on behalf of DCFS, Katrina Cetnar, testified that she had no evidence that the four oldest children were unhealthy, not being properly fed, or that they were otherwise harmed in any way. Furthermore, DCFS reports reflected

3

that L.G. was nurturing and acted appropriately in her interactions with her children. Mrs. Cetnar testified that, while L.G. had positive drug tests, she had no evidence of marijuana abuse. Moreover, while the hair sample taken at the time of Z.K.'s birth was positive, L.G.'s urine sample was negative for all drugs at that time. Mrs. Cetnar further testified that the prior case plan was abandoned because the previous case worker found no imminent danger to the children at all.

The record before this court simply contains no evidence at all that L.G. neglected her four oldest children. The trial court committed manifest error in adjudicating them children in need of care. Accordingly, we hereby reverse the adjudication as to D.A., Dy.G., De.G., and D.D. Because L.G. did not claim that the trial court erred in adjudicating Z.K. in need of care, we cannot rule as to the adjudication of that child being in need of care.

For the above reasons, the decision of the trial court below adjudicating D.A., Dy.G., De.G., and D.D. in need of care is hereby reversed. In addition to the original costs of $480.10 assessed against the State in our prior opinion ordering remand, costs of this appeal of $41.00 are hereby also assessed against the State.

**REVERSED AS TO D.A., Dy.G., De.G., AND D.D.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.